# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 9, 2013 Session

# IN RE: EIMILE A.M.

**Appeal from the Circuit Court for Bradley County**
**No. V-10-389     J. Michael Sharp, Judge**

---

**No. E2013-00742-COA-R3-PT - Filed December 26, 2013**

---

This case is before us once again after remand to the Trial Court for specific findings relative to the Trial Court's termination of the parental rights of Christopher M. ("Father") to the minor child Eimile A.M. ("the Child"). Upon remand the Trial Court entered its findings of fact. Father appeals the termination of his parental rights to the Child. We find and hold that clear and convincing evidence was not proven of grounds to terminate Father's parental rights pursuant to Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102 for willful failure to visit or willful failure to support. We, therefore, reverse the Trial Court's order terminating Father's parental rights to the Child.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and THOMAS R. FRIERSON, II, J., joined.

Richard L. Elliston, Cleveland, Tennessee, for the appellant, Christopher M.

Philip M. Jacobs, Cleveland, Tennessee, for the appellees, Lisa Ann C. and Michael C.

## OPINION

### Background

Lisa C. and Michael C. filed a petition in May of 2010 seeking to terminate the parental rights of Father to the Child[1]. The Trial Court terminated Father's parental rights to the Child. Father appealed the termination of his parental rights and in *In re: Emilie A.M.*[2], No. E2011-02416-COA-R3-PT, 2012 Tenn. App. LEXIS 641 (Tenn. Ct. App. Sept. 17, 2012), *no appl. perm. appeal filed*, we reversed the termination based upon the grounds contained in Tenn. Code Ann. § 36-1-113(g)(3) and remanded the case to the Trial Court to enter specific findings relative to the termination based upon the grounds contained in Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102.

Upon remand the Trial Court entered an order on March 5, 2013 incorporating the Trial Court's "Findings of Fact and Conclusions of Law contained in the record from the announced judgment . . . " ("Findings"). In its Findings, the Trial Court found, in pertinent part, that "[Father] failed to visit for more than the statutory period of time," and that "there has been a willful failure to support by [Father]." Father appeals the Trial Court's termination of his parental rights to the Child pursuant to Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102 for willful failure to visit or willful failure to support.

### Discussion

Although not stated exactly as such, Father raises three issues on appeal: 1) whether the Trial Court erred in terminating Father's parental rights to the Child pursuant to Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102 for willful failure to support; 2) whether the Trial Court erred in terminating Father's parental rights to the Child pursuant to Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102 for willful failure to visit; and, 3) whether the Trial Court erred in finding that it was in the Child's best interest for Father's parental rights to be terminated.

---

[1]The petition also sought to terminate the parental rights of the Child's biological mother ("Mother") to the Child, and to terminate the parental rights of Mother and the biological father of the Child's half-sister to that child. Mother's parental rights to the Child and the Child's half-sister were terminated, and Mother's parental rights are not involved in this appeal. The parental rights of the biological father of the Child's half-sister also were terminated, and rights concerning the Child's half-sister also are not involved in this appeal.

[2]The Child's name is spelled in our previous Opinion as "Emilie," but is spelled in the petition and in Father's response to the petition as "Eimile." It appears that our previous Opinion utilized an incorrect spelling for the Child's name.

Our Supreme Court reiterated the standard of review for cases involving termination of parental rights stating:

> This Court must review findings of fact made by the trial court *de novo* upon the record "accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). To terminate parental rights, a trial court must determine by clear and convincing evidence not only the existence of at least one of the statutory grounds for termination but also that termination is in the child's best interest. *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002) (citing Tenn. Code Ann. § 36-1-113(c)). Upon reviewing a termination of parental rights, this Court's duty, then, is to determine whether the trial court's findings, made under a clear and convincing standard, are supported by a preponderance of the evidence.

*In re F.R.R., III*, 193 S.W.3d 528, 530 (Tenn. 2006).

In *Department of Children's Services v. D.G.S.L.*, this Court discussed the relevant burden of proof in cases involving termination of parental rights stating:

> It is well established that "parents have a fundamental right to the care, custody, and control of their children." *In re Drinnon*, 776 S.W.2d 96, 97 (Tenn. Ct. App. 1988) (citing *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972)). "However, this right is not absolute and parental rights may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute." *Id.* (citing *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982)).

> Termination of parental or guardianship rights must be based upon a finding by the court that: (1) the grounds for termination of parental or guardianship rights have been established by clear and convincing evidence; and (2) termination of the parent's or guardian's rights is in the best interests of the child. Tenn. Code Ann. § 36-1-113(c). Before a parent's rights can be terminated, it must be shown that the parent is unfit or substantial harm to the child will result if parental rights are not terminated. *In re Swanson*, 2 S.W.3d 180, 188 (Tenn. 1999); *In re M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998). Similarly, before the court may inquire as to whether termination of parental rights is in the best interests of the child, the court must first determine that the grounds for termination have been established by clear and convincing evidence. Tenn. Code Ann. § 36-1-113(c).

*Dep't of Children's Servs. v. D.G.S.L.*, No. E2001-00742-COA-R3-JV, 2001 Tenn. App. LEXIS 941, at \*\*16-17 (Tenn. Ct. App. Dec. 28, 2001), *no appl. perm. appeal filed*. Clear and convincing evidence supporting any single ground will justify a termination order. *E.g., In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002).

As pertinent to Father's appeal, Tenn. Code Ann. § 36-1-113(g)(1) provides:

(g) Initiation of termination of parental or guardianship rights may be based upon any of the grounds listed in this subsection (g). The following grounds are cumulative and non-exclusive, so that listing conditions, acts or omissions in one ground does not prevent them from coming within another ground:

(1) Abandonment by the parent or guardian, as defined in § 36-1-102, has occurred;

Tenn. Code Ann. § 36-1-113(g)(1) (2010). In pertinent part, Tenn. Code Ann. § 36-1-102 provides:

(1)(A) For purposes of terminating the parental or guardian rights of parent(s) or guardian(s) of a child to that child in order to make that child available for adoption, "abandonment" means that:

\* \* \*

(iv) A parent or guardian is incarcerated at the time of the institution of an action or proceeding to declare a child to be an abandoned child, or the parent or guardian has been incarcerated during all or part of the four (4) months immediately preceding the institution of such action or proceeding, and either has willfully failed to visit or has willfully failed to support or has willfully failed to make reasonable payments toward the support of the child for four (4) consecutive months immediately preceding such parent's or guardian's incarceration, or the parent or guardian has engaged in conduct prior to incarceration that exhibits a wanton disregard for the welfare of the child; or

Tenn. Code Ann. § 36-1-102(1)(A)(iv) (2010).

We first consider whether the Trial Court erred in terminating Father's parental rights to the Child pursuant to Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102 for willful failure to support. In its Findings, the Trial Court found that "there has

been a willful failure to support by [Father]." The Trial Court failed to make any findings, however, with regard to the period of time during which the failure to support occurred.

The statute is very specific for an incarcerated parent with regard to the relevant time period, limiting the analysis with regard to a failure to support to the period of "four (4) consecutive months immediately preceding such parent's or guardian's incarceration . . . ." Tenn. Code Ann. § 36-1-102(1)(A)(iv) (2010). "As we have previously opined, courts must 'strictly apply the procedural requirements in cases involving the termination of parental rights.'" *In re: Landon H.*, No. M2011-00737-COA-R3-PT, 2012 Tenn. App. LEXIS 24, at *11 (Tenn. Ct. App. Jan. 11, 2012), *no appl. perm. appeal filed* (quoting *Weidman v. Chambers*, No. M2007-02106-COA-R3-PT, 2008 Tenn. App. LEXIS 338, at *16 (Tenn. Ct. App. June 3, 2008), *no appl. perm. appeal filed*).

The Trial Court did not find by clear and convincing evidence that Father's willful failure to support occurred during the statutorily required period of four months preceding Father's incarceration. As there was no such finding by the Trial Court even on remand that clear and convincing evidence was proven to support the termination of Father's parental rights to the Child for willful failure to support during the statutorily required period of four months preceding Father's incarceration, we are constrained to reverse the termination of Father's parental rights on this ground.

We next consider whether the Trial Court erred in terminating Father's parental rights to the Child pursuant to Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102 for willful failure to visit. With regard to this ground, the Trial Court found that "[Father] failed to visit for more than the statutory period of time." While this finding arguably may minimally meet the requirement addressing the four month statutorily required period not met in the above discussed ground of willful failure to support, the evidence in the record on appeal as to this ground is not clear and convincing.

Father testified at trial that he was incarcerated at Northwest Correctional Facility in Tiptonville, Tennessee and that his incarceration began on September 4, 2008. Father testified that from April or May of 2006 until August of 2008 he lived with Mother, the Child, and the Child's half-sister in an apartment in Cleveland, Tennessee. Father further testified that he and Mother had a "relationship breakdown" and that he actually moved out of their apartment "the end of July, beginning of August of '08." Father further explained:

> I didn't move out of the house until July/August area. There was nights I
> didn't stay there, but my things were still there and I regularly ate there, more
> or less resided there, although I wasn't always there because, as you said, we

was going through some problems there and I was in and out of the house there for a couple of weeks.

Father denied moving out of the apartment he shared with Mother and the Child any earlier.

Father testified that Mother was evicted from the apartment in late July or early August of 2008 "because there was a convicted felon living in the house, otherwise known as me." Father was asked about Mother being evicted, and he stated:

She got evicted because I was living in the residence with her. In fact, when they had first said something about me living there, I think it was in June, I went ahead and signed a piece of paper stating that I was living somewhere else and took it to Cleveland Housing Authority to try to keep this from happening. And then around July/August she received an eviction notice that they had found out I was living there, they had verified I was living there, and was going to evict her for it.

Father testified that after he left the residence he saw the Child: "At least three or four [times]" when he visited the residence. He stated that Mother did not stop him from seeing the Child, and that he even "brought [Mother] boxes when she was packing to move." Father also testified:

In August I seen [the Child and her half-sister] at least twice I know of in August. I was there for [the Child's half-sister's] birthday in July, plus I stayed at the residence for a couple of days after [the Child's half-sister's] birthday. [Mother] actually asked me to stay the night and I ended up staying for a couple of days. And that's the way it was. I would go over and visit and end up staying for a week, you know.

Mother testified at trial that Father moved out of her apartment in February of 2008 "[b]ecause meth became a problem." Mother testified that Father did not visit her until the Child's half-sister's birthday in July, and that because Father visited her in July Mother was evicted. Mother testified that she moved out of the apartment on August 23, 2008.

Father's mother testified at trial and was asked about when Father moved out of Mother's apartment. Father's mother testified that "[Mother] herself called me and told me if the housing authority of Cleveland called me and asked if [Father] lived there for me to lie and tell them, no, that he lived at my residence; and that was in July."

-6-

The relevant time period under Tenn. Code Ann. § 36-1-102 for calculating willful failure to visit is "four (4) consecutive months immediately preceding such parent's or guardian's incarceration . . . ." Tenn. Code Ann. § 36-1-102(1)(A)(iv) (2010). The evidence in the record on appeal shows that Father was incarcerated on September 4, 2008. Thus, the relevant time period would run from May 4, 2008 through September 4, 2008. Father testified that he resided with Mother and the Child until July or August of 2008. Father's mother also testified that Father resided with Mother in July of 2008. If Father was residing with the Child during the relevant four month period, it simply defies logic to find that Father willfully failed to visit the Child during this period.

Mother testified that Father moved out of her apartment in February of 2008, but admitted that Father did visit and see the Child in July of 2008. Mother also admitted that she was evicted in late July or early August of 2008 for having a convicted felon, Father, in her apartment. The Trial Court did not make any credibility findings with regard to this specific issue.

Given the record now before us, we cannot say that clear and convincing evidence was proven that Father willfully failed to visit the Child during the four months preceding his incarceration, and clear and convincing evidence must be shown in order to support a termination of parental rights. As such, we are constrained to hold that grounds to terminate Father's parental rights to the Child pursuant to Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102 for willful failure to visit were not proven by clear and convincing evidence.

We note that the record on appeal does contain clear and convincing evidence supporting a finding that Father engaged in conduct prior to his incarceration that exhibited a wanton disregard for the welfare of the Child, and the Trial Court did make such a finding. The petition seeking to terminate Father's parental rights to the Child, however, did not plead this as a ground for terminating Father's parental rights to the Child. Instead, the petition pled that "[t]he parents have abandoned the minor child, as defined in T.C.A. § 36-1-102. Specifically, the parents have willfully failed to visit and have willfully failed to support or make reasonable payments toward the support of the child in over one year." Nowhere in the petition is there an allegation that Father abandoned the Child by exhibiting wanton disregard for the welfare of the Child pursuant to Tenn. Code Ann. § 36-1-102(1)(A)(iv).

As this Court explained in *In re: Landon H.*:

> Providing notice of the issues to be tried is considered a fundamental component of due process. The pleadings limit the ruling to the grounds of termination alleged, "because to find otherwise would place the parent at a

disadvantage in preparing a defense." Thus, a trial court cannot terminate parental rights based on a ground that is not alleged in the complaint.

*In re: Landon H.*, 2012 Tenn. App. LEXIS 24, at **11-12.

Nevertheless, a ground for termination not included in the petition properly can be found if the ground was tried by implied consent. *In re: Anthony R.*, No. M2012-01412-COA-R3-PT, 2013 Tenn. App. LEXIS 89, at *11 n.5 (Tenn. Ct. App. Feb. 8, 2013), *no appl. perm. appeal filed*. The record before us, however, does not support a finding that abandonment by wanton disregard was tried by implied consent. The strict application of procedural requirements in cases involving the termination of parental rights requires that before there can be a finding that a ground for termination not alleged in the petition was tried by implied consent, the record must be clear that such ground indeed was tried by implied consent. In order for a court to make such a finding, it must be clear from the record that the evidence presented relevant to the unpled ground had no relevance to any other issue being presented to the Trial Court. *See In re: S.J.M.*, No. M2009-01080-COA-R3-PT, 2009 Tenn. App. LEXIS 777, at **9-10 (Tenn. Ct. App. Nov. 20, 2009) (stating: "Implied consent, however, cannot occur when evidence claimed to be supporting an issue not raised in the pleadings is also relevant to an issue that is actually raised in the pleadings."), *no appl. perm. appeal filed*. It must be clear from the record that the parent fully understood that this particular unpled ground for termination was being tried and that the parent impliedly consented to the trial of that ground even though it had not been pled. In the case now before us the evidence relevant to wanton disregard also was relevant to the ground of persistent conditions, which was properly pled. We are not convinced from the record before us that Father impliedly consented to the ground of abandonment by wanton disregard being tried. As such, Father's parental rights may not be terminated upon this ground in this proceeding.

Our determination that grounds for terminating Father's parental rights to the Child were not proven by clear and convincing evidence pretermits the necessity of considering whether the Trial Court erred in finding that it was in the Child's best interest for Father's parental rights to be terminated.

Because grounds to terminate Father's parental rights to the Child pursuant to Tenn. Code Ann. § 36-1-113(g)(1) and Tenn. Code Ann. § 36-1-102 were not proven by clear and convincing evidence, and this Court previously reversed the termination based upon Tenn. Code Ann. § 36-1-113(g)(3), and no other grounds for termination were pled, we are constrained to reverse the termination of Father's parental rights to the Child.

-8-

## **Conclusion**

The judgment of the Trial Court terminating Father's parental rights to the Child is reversed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellees, Lisa Ann C. and Michael C.

_____
D. MICHAEL SWINEY, JUDGE